UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL POWELL #484234,

    Plaintiff,                                             Hon. Janet T. Neff

v.                                                    Case No. 1:17-cv-82

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 31). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **denied**.

**I.        Background**

        Plaintiff initiated this action on January 23, 2017, alleging numerous causes of action against twenty-four (24) named individuals and an unidentified number of unknown individuals. (ECF No. 1). On January 28, 2017, the Court dismissed Plaintiff's complaint on the grounds that Plaintiff had failed to allege any facts which stated a claim on which relief could be granted. (ECF No. 5-6). Plaintiff appealed the matter to the Sixth Circuit which affirmed the dismissal of Plaintiff's claims save for Plaintiff's claim that the inadequate lighting in his cell violated his Eighth Amendment rights. (ECF No. 14).

        This particular claim is asserted against eight (8) individuals: (1) Deputy Warden Timothy Ball; (2) Mental Health Unit Chief Brian Majercyzk; (3) Resident Unit Manager Jason Thomas; (4) Area Resident Unit Manager Larry Weaver; (5) Maintenance Staff Member Christopher

Bush; (6) Unit Officer Nicholas Rademacher; (7) Unit Officer Jesse Shelton; and (8) Maintenance Staff Member Lawrence Singletary. (ECF No. 1 at PageID.12-14). Defendants Ball, Majercyzk, Thomas, and Weaver now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

## II.        Summary Judgment Standard

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**III.      Analysis**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. See *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. See *Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff.

*Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

Unless an extension of time is granted, the response to a Step I grievance is due "within 15 business days after the receipt of the [Step I] grievance." *Id.* at ¶ X. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. Unless an extension of time is granted, the response to a Step II grievance is due "within 15 business days after the receipt of the [Step II] grievance." *Id.* at ¶ CC. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

Defendants have submitted evidence that Plaintiff pursued only one grievance concerning his inadequate lighting claim. (ECF No. 32 at PageID.138-39, 158-79). Plaintiff has submitted no evidence that he pursued any other grievances concerning the claim in question. On December 15, 2016, Plaintiff submitted grievance ECF-2016-12-3834-03e. (ECF No. 32 at PageID.162-66). Plaintiff did not assert this grievance against any particular individual(s), but instead stated that "this grievance is on my conditions of confinement and inhumane treatment and living conditions while in administrative segregation. . .," including his allegation that there was no working light in his cell. (ECF No. 32 at PageID.165).

Despite the fact that MDOC Policy requires prisoners to identify the individuals against whom a grievance is asserted, prison officials declined to enforce this particular rule and instead addressed Plaintiff's grievance on the merits at all three steps of the grievance process. (ECF No. 32 at PageID.162-66). Defendants Ball, Majercyzk, Thomas, and Weaver nevertheless assert that they are entitled to relief because they were not properly identified in Plaintiff's grievance. Defendants argue that Plaintiff's grievance was asserted against *staff* and that because they are *administrators* and *supervisors* this grievance cannot be interpreted as being asserted against them. This argument is unpersuasive for several reasons.

First, Plaintiff's grievance was not asserted against "staff" or any identifiable individual(s) or group(s). A Step I grievance form requires a prisoner to articulate two distinct things: (1) the steps the prisoner undertook to resolve the problem before filing a grievance, and (2) the problem about which he is grieving (including the identity of the people against whom the grievance is asserted). (ECF No. 32 at PageID.165). With respect to the former category, Plaintiff stated that he attempted to resolve his complaint with "staff" prior to filing a grievance. However, the grievance was not asserted against "staff." Regarding the substance of his grievance, Plaintiff stated that the grievance "is on my conditions of confinement and inhumane treatment and living conditions while in administrative segregation. . ." Defendants have mistakenly characterized Plaintiff's grievance as being asserted against the people with whom Plaintiff tried to resolve the issue in dispute.

Second, even if the Court interprets Plaintiff's grievance as being asserted against the individuals with whom Plaintiff attempted to resolve the dispute in question, the result is the same. The portion of the grievance in which Plaintiff identifies the steps he took to resolve his complaint prior to filing a grievance identifies "staff," as noted above, but also explicitly identifies "segregation

-6-

officials." (ECF No. 32 at PageID.165). A review of Plaintiff's complaint reveals that Defendants Ball, Majercyzk, Thomas, and Weaver were members of the Security Classification Committee (i.e., "segregation officials") to whom Plaintiff complained regarding the lack of light in his cell. (ECF No. 1 at PageID.13).

Finally, Defendants' argument fails because they are requesting that this Court enforce a grievance-related procedural requirement which prison officials were unwilling to enforce in the first instance. In *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), the Sixth Circuit held that if prison officials decline to enforce their own procedural rules regarding the filing of prison grievances, such procedural rules could not later be invoked in a federal court proceeding to obtain dismissal of a prisoner's claims on exhaustion grounds. *Id.* at 325-26. Defendants are correct that Plaintiff's grievance fails to properly identify against whom the grievance was asserted. The grievance could have been rejected on that basis. Instead, Defendants addressed Plaintiff's grievance on the merits. Having done so, Defendants cannot now seek dismissal of Plaintiff's remaining claims on the ground that his grievance did not properly identify the targets of his grievance.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 31), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Dated: July 12, 2018                                     /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge